WILLIAM WILLIAMS v. F. C. WILLIAMS et al.

1. WILLS. *Rule in Shelly's case.* Where the testator bequeathed land to trustees for the sole use and benefit of his son J., "and after his death for the like use and benefit of his heirs-at-law": *Held,* within the rule in Shelly's case, and that as the will was made, and the testator died before the act of 1851–2, abolishing the rule in Shelly's case, it should be construed according to the law at the time the will took effect under which J. took the absolute estate.

2. DESCENT. *Legitimation.* A legitimated child inherits as if born in lawful wedlock.

FROM GRAINGER.

Appeal from the Chancery Court at Rutledge. H. C. SMITH, Ch.

J. T. & J. K. SHIELDS for complainants.

J. P. EVANS and JNO. H. CROZIER, JR., for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed in 1881 by complainant against the widow, the administrator and heirs-at-law of Joseph Williams, deceased. Its purpose is to have a settlement of complainant's accounts as trustee for intestate, Jos. Williams, who, as well as complainant and others, were devisees and legatees under the will of Etheldred Williams, deceased,

Etheldred Williams died in 1846 or 1847, having previously made his last will and testament, which was

admitted to probate in 1847, shortly after his death. Other persons were appointed co-executors and trustees with complainant by said will, but in the progress of other litigation, in which all the devisees and legatees of said testator were parties, the complainant was declared sole trustee for his brother, Jos. Williams.

The bill prays that the rights and equities of the parties be declared and settled.

It is also alleged in said bill that said Jos. Williams, before his marriage, became the father of an illegitimate child, the defendant, F. C. Williams, who was legitimated by proceedings instituted by the father in the county court of Grainger county, and that some time thereafter he, the said Joseph, intermarried with Elizabeth Pritchard, who survives him as his widow, by whom he had two children, Jos. E. and James E., all said children being minors.

The two last named children insist they are sole heirs and distributees of said Joseph, and do not admit that complainant as trustee had fully accounted for the funds in his hands.

The defendant, Frank C., insists that by virtue of the proceedings of said county court legitimatizing him, he is entitled to take as heir-at-law and distributee of said father's estate equally with his other children.

The chancellor held that by virtue of the proceedings in the said county court, the defendant, F. C. Williams, became an heir-at-law of said Joseph Williams as fully as if he, said F. E., had been born in wedlock; and that said Joseph had only a life estate in such property as was devised and bequeathed in

trust for him, and that at his death the same became the property of his heirs-at-law. Several matters of account were referred to the master, and it was adjudged upon judgment *pro confesso* against her, that the widow had no right to dower or a distributive share in said trust property, and from so much of this decree as adjudges the rights of F. C. Williams to take under the will as one of the heirs of Jos. Williams, John H. Crozier, Jr., guardian *ad litem*, and solicitor as aforesaid, prays an appeal.

Mrs. Williams, the widow, also prayed an appeal from the decree so far as it adjudges that she has no right in the property.

Crozier, as guardian, perfected his appeal, but Mrs. Williams did not, and the cause in this court is upon the special appeal of Crozier as guardian of the two minors born in wedlock.

The will of Etheldred Williams directs that his trustees shall hold the place on which he resided (which is further described), for the sole use and benefit of his son Joseph, "and after his death for the like use and benefit of his heirs-at-law." He bequeaths that out of his personal estate, money and debts, his trustees shall hold and safely vest $7,000 in such manner as shall be deemed best for the like separate use and benefit of his said son Joseph; the interest and profits to be paid to him annually, and this and former devises and bequests, it is stated in the will, make up to the said son Joseph the sum of $2,500, being the amount bequeathed and devised to each of his other children. There is no limitation over to his heirs-at-

law in this bequest of $7,000 to Joseph, as in the case of the real estate.

The Referees held that the defendant, F. C. Williams, takes as an heir-at-law of Joseph Williams, under the will of Etheldred Williams, and recommends an affirmance of the chancellor's decree.

To this report the defendant, John H. Crozier. Jr., guardian as aforesaid, files two exceptions :

First. Because the Referees affirm the chancellor's decree, continuing the estate as a trust estate. .

Second. Because the report of Referees affirms the decree of the chancellor making F. C. Williams a legitimated child of Jos. Williams, deceased, an heir-at-law, under the will of Etheldred Williams, equally with appellants.

As to the first exception, it may be answered, that the chancellor's decree does continue the estate devised and bequeathed to Jos. Williams to his heirs as a trust estate, although it is decreed by him " that the said Jos. Williams took a life estate only in said property so devised and bequeathed in trust, and that upon his death the same became the property of his heirs-at-law." And the two legitimate heirs of Jos. Williams, deceased, claim in their answer, under the will of Etheldred Williams, which they admit gives the property in trust for the sole use and benefit of said Jos. Williams, and at his death for the like use and benefit of his heirs-at-law.

As to the second exception, the chancellor does decree that F. C. Williams is an heir-at-law of Jos. Williams, and as such entitled to share with the other

two children in the real and personal property, and comes within the description of remainderman under said limitation in said will. We do not think there is any error in holding that F. C. Williams is an heir-at-law of said Jos. Williams, deceased, and upon the theory of the decree that said heirs-at-law take under the will, the devise over is to his, Jos. William's, heirs-at-law, and F. C. Williams falls within that description. But in our opinion the devise in the will to trustees to hold for use and benefit of Jos. Williams for life, and at his death for the like use and benefit of his heirs-at-law, brings the devise within the rule in Shelly's case, and vests the estate absolutely in the first taker, and the heirs-at-law of Jos. Williams take the estate directly from him by inheritance. In this will the estate is given to trustees to hold for the use and benefit of Jos. Williams, and at his death the same trustees are to hold the estate for the like use of his heirs-at-law, both estates being of the same equitable character. The will was made and testator died before the passage of the act of 1851-2, repealing the rule in Shelly's case. And it must therefore be construed by the law in force at the time it took effect as a will.

In *Polk v. Faris*, 9 Yer., 231, the rule was defined as follows, adopting the definition of Preston on Estates, as approved by Chancellor Kent:

"When any person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the in-

terposition of an intervening estate, of a right of the same legal or equitable character, to his heirs, or heirs of his body, as a class of persons to take in succession, the limitation to the heirs entitles the ancestor to the whole estate."

If, then, under this rule, the first taker, Jos. Williams, took the absolute estate, his heirs take directly from him, and whoever may be his heirs at the time of his death, take the estate.

By formal petition and regular proceedings F. C. Williams was legitimated. " The effect of the legitimation is to create the relation of parent and child between the petitioner and the person legitimated, as if the latter had been born to the former in lawful wedlock": Code, sec. 3642. At the death of Jos. Williams, under the proceedings had, F. C. Williams was as much an heir and distributee of his estate as his other two sons, who were born in lawful wedlock.

We hold, therefore, that in the conclusions of the chancellor and the Referees that F. C. Williams was entitled to share in the real and personal estate of his father, there was no error, and that the exceptions taken to this right must be overruled, and the chancellor's decree to this extent affirmed.

As to the widow's right to dower, and to participate in the distribution of her husband's personal estate, we express no opinion, she not being before this court.

The chancellor's decree and the report of the Referees will be modified, however, in so far as it is held that the estate devised by Etheldred Williams to his

42—VOL. 11.

son Joseph is still held in trust for the benefit of the latter's heirs in conformity to the will of the said Etheldred Williams, and the exception taken to the Referees upon this point will be to this extent sustained. With the modifications indicated, the decree ordering an account will be affirmed, and the cause will be remanded for further proceedings.

The costs of the court will be paid by appellant as guardian as aforesaid.